UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LEE ANN DAVIS,**

    Plaintiff,                                      Case No. 09-CV-12505
                                                   Honorable Denise Page Hood

v.

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation **[Docket No. 19, filed on February 18, 2011]**. Plaintiff Lee Ann Davis filed a Motion for Summary Judgment on February 2, 2010 **[Docket No. 15]**. Defendant Commissioner of Social Security filed a Motion for Summary Judgment on March 29, 2010 **[Docket No. 18]**. The Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, the findings of the Commissioner be reversed, and this matter be remanded under sentence four of 42 U.S.C. § 405(g) for further review and investigation. Neither party has filed objections to the Magistrate Judge's Report and Recommendation, and the time to do so has expired.

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1)(C).  To preserve the right to appeal the Magistrate Judge's recommendation, either party was obligated to file objections to the Report and Recommendation within fourteen days after being served with a copy, as provided in 28 U.S.C. § 636(b)(1)(C) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  In this case, no objections have been made.  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984).  The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987).  A district court's review of an ALJ's decision is not *de novo* review.  The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F. 2d at 397.  The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989).  An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.  The Court agrees with the Magistrate Judge that the ALJ did not properly make findings relating to Plaintiff's credibility, the assessment of her pain, and related treating physician evidence.  In making its conclusion concerning Plaintiff's credibility and impairments, the Court agrees with the Magistrate Judge that the ALJ did not question Plaintiff about many of the requisite factors pursuant to SSR 96-7p as well as 20 C.F.R. § 404.1529.  Neither did the ALJ explain why many of the factors were not taken into account in making its assessment of Plaintiff's credibility and impairments.

The Court agrees with the Magistrate Judge that the ALJ did not fully address the side effects of plaintiff's medications, and that while the ALJ stated that the medical evidence showed that Plaintiff's need to nap was more habit than necessity, the ALJ failed to explain what medical evidence supported his conclusion.  The Court also agrees with the Magistrate Judge that in rejecting Dr. Theisen's opinion, the treating source, the ALJ failed to explain how Dr. Theisen's opinion was inconsistent with or unsupported by the record evidence as a whole.  An ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence. *Meece v. Barnhart,* 192 Fed.Appx. 456, 465 (6th Cir. 2006), citing, *McCain v. Dir., Office of Workers Comp. Programs,* 58 Fed.Appx. 184, 193 (6th Cir. 2003) (citation omitted).  The ALJ is required to give good reasons for the weight given to the treating source's opinion and, if this procedural requirement is not met, a remand may be required even if the decision is otherwise supported by substantial evidence. *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544-45 (6th Cir. 2004).

The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id*. at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan*, 501 U.S. 101-102. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer*, 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id* at 302 (citations omitted). This Court agrees with the Magistrate Judge that this matter must be remanded under sentence four.

Accordingly,

IT IS ORDERED that Magistrate Judge Michael Hluchaniuk's Report and Recommendation **[Docket No. 19, filed on February 18, 2011]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 15, filed on February 2, 2010]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 18, filed on March 29, 2010]** is DENIED.

IT IS FURTHER ORDERED that the Commissioner's decision is reversed and remanded to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that this matter is DISMISSED.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 25, 2011, by electronic and/or ordinary mail.

s/Felicia Moses for LaShawn R. Saulsberry
Case Manager, (313) 234-5165